Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2083 | **DATE** | April 3, 2013 |
| **CASE TITLE** | Mark A. Shubert (M-23549) vs. Kendall County Corrections, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The trust fund officer at his place of confinement shall make deductions from Plaintiff's trust fund account in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Vienna Correctional Center. The complaint is dismissed without prejudice to Plaintiff's submitting, within 30 days of the date of this order, an amended complaint that both (1) demonstrates that his claims are timely and (2) clearly states a valid claim against either the Kendall County Sheriff's Office or the individuals referred to in his complaint. The Clerk shall send Plaintiff an amended complaint form. Plaintiff's failure to comply within 30 days will result in summary dismissal of this case. Plaintiff's motion for the assistance of counsel [4] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff Mark Shubert is currently incarcerated at the Vienna Correctional Center. He brings this civil rights suit pursuant to 42 U.S.C. § 1983 concerning events that occurred in August 2010 while he was confined at the Kendall County Jail. Plaintiff names, as Defendants, the jail, the "Kendall County Sheriff's" Office, and the jail's "medical staff" and "administrative staff." He alleges that on August 1, 2010, he complained of pain and a need to go to the emergency room. Staff at the jail allegedly ignored his complaints for days. He was not taken to a hospital until August 9, 2010, at which time doctors determined that his appendix had ruptured. Surgery was performed on August 10, 2010, and Plaintiff remained hospitalized for five days. Plaintiff seeks to proceed *in forma pauperis* and for the assistance of counsel.

Plaintiff's *in forma pauperis* application demonstrates that he is unable to prepay the filing fee. The court grants his motion for leave to proceed *in forma pauperis* and assesses an initial filing fee of $23.00. The inmate trust account officer at Plaintiff's place of confinement is authorized and ordered to collect, when available funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this case. Plaintiff shall remain responsible for the filing fee obligation, and Vienna Correctional Center officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. *See* 28 U.S.C. § 1915A (this court must conduct a preliminary review of all complaints filed by incarcerated persons to determine if the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages against individuals immune from such relief).

| STATEMENT |
|---|

First, the face of the complaint indicates that it is untimely. Although the untimeliness of a complaint is an affirmative defense, dismissal of a case as time-barred is proper when it is clear from the face of the complaint that such a defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Plaintiff's complaint seeks damages under § 1983 for events that occurred in August 2010. Plaintiff did not file this suit until March 2013, two years and seven months later. The limitations period for § 1983 suits in Illinois is two years. *Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012). The complaint thus appears untimely. The court acknowledges that the limitations period is tolled "while a prisoner completes the administrative grievance process," *Id.*, quoting *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir.2008), and a letter attached to the complaint indicates that Plaintiff sought administrative remedies. (*See* 2/29/12 letter from Commander S.D. Jennings attached to complaint). This letter, however, provides no information as to when or for how long Plaintiff's request for administrative relief was pending.

Accordingly, Plaintiff must demonstrate that his claims are timely, i.e., that he filed this suit within two years from the date of the events giving rise to his claims occurred, not including the time during which requests for administrative review were pending. If Plaintiff is unable to demonstrate that he filed this case within the two-year limitations period, he may seek to show that equitable tolling applies. "A litigant is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lee v. Cook County*, 635 F.3d 969, 972 (7th Cir. 2011) (internal quotation marks and citation omitted).

Second, most of the Defendants Plaintiff names are not suable entities. Neither the jail itself, nor its "medical" or "administrative staff" are entities that are separate from the County. *See Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). The Kendall County Sheriff's Office (the court will consider "the Kendall County Sheriff's" to be the Kendall County Sheriff's Office) is a suable entity, *see DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 976 n.2 (7th Cir. 2000), and Plaintiff may be able to state a claim of an unconstitutional policy or custom at the jail. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 675 (7th Cir. 2012) (an inmate may seek damages against a municipality, such as a sheriff's office, if he was injured as the result of an unconstitutional policy or custom). In its current form, however, Plaintiff's complaint alleges only that individual officers and medical persons ignored his complaints of pain. *Id*. ("it is not enough for the plaintiff to show that an employee of the municipality or corporation violated his constitutional rights; he must show that his injury was the result of the municipality's or corporation's official policy or custom"). If Plaintiff intends to allege that Kendall County Sheriff's Office has adopted an unconstitutional policy of practice of refusing to respond to inmates' complaints of pain, Plaintiff must do so more clearly. If Plaintiff intended to sue individuals for violating his rights, but does not know their names, he may refer to each such individual as John or Jane Doe and leave the Sheriff's Office as a Defendant in order to identify the individual Defendants. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir.1996) (a plaintiff may refer to an unknown defendant as John or Jane Doe and name a supervisory official as a defendant in order to assist with identifying the unknown party).

Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that both (1) demonstrates that his claims are timely and (2) clearly states a valid claim against either the Kendall County Sheriff's Office or individual persons. Plaintiff is given 30 days from the date of this order to submit an amended complaint. His failure to do so will result in summary dismissal of this case.